Argued October 28, 1970, affirmed March 10, 1971

LEWIS, *Respondent, v.* RANDALL, *Defendant,*
NEWKIRK, *Appellant.*

482 P2d 182

*Norman C. Berry,* Portland, argued the cause and
filed the brief for appellant.

*Robert G. Chidester,* Portland, argued the cause

for respondent. With him on the brief were Smith, Anderson, Lagerquist & Bailey, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN and HOWELL, Justices.

HOWELL, J.

Defendant appeals from a decree entered in favor of plaintiff in a suit for a declaratory judgment. The only question presented is whether there was a delivery in law of a deed conveying certain real property from a stepmother to her stepdaughter. The trial court found that delivery was accomplished and that the parties intended to execute a bona fide transfer of the property.

The grantor in the deed, Lulu Belle Congdon, and her stepdaughter, Ida Grace Congdon, lived together in the home property, which is the subject of the suit. In 1955, Lulu Belle contacted Barrett Randall, an attorney who represented both Lulu Belle and Ida Grace, and he prepared, and Lulu Belle executed, a deed conveying the property to Ida Grace.

Ida Grace died in November, 1964, and Barrett Randall was appointed executor of her estate. He found the deed in a metal box and recorded the deed in December, 1967.

The law regarding an inter vivos transfer of title to real property in cases similar to the one before us was expressed by this court by REDDING, Justice Pro Tempore, in *Hanns v. Hanns*, 246 Or 282, 423 P2d 499 (1967). His opinion states:

"A deed, to be a valid means of effecting an inter vivos transfer of title to real property, must be delivered. [Citing case.] The cases uniformly

state that a valid delivery of a deed requires that either the grantor part with control over the instrument, the right to recall it or to alter any of its provisions, or, if the grantor retains the instrument in his possession, he by word or deed discloses an unmistakable intention to pass presently the interest which the deed purports to convey and thus deprives himself of control over that deed. * * *

"But the mere parting with control over the instrument is of itself insufficient to constitute a delivery in law unless it is accompanied by an intention to create in the grantee a present interest. Failure to make any physical transfer of a deed is not necessarily fatal to its validity. Delivery is in its essence a matter controlled by the grantor's intention, not his actions. But his actions or his words necessarily constitute the evidence of what his intention was and therefore in the last analysis his words or acts are highly relevant in determining whether there has been a delivery. * * *" 246 Or at 295-296.

Lulu Belle is under a guardianship, and because of her age and condition she did not testify. Most of the evidence concerning the execution of the deed and the relationship between Lulu Belle and Ida Grace came from the attorney, Barrett-Randall. He testified that Ida Grace, prior to the execution of the deed in question, had satisfied a mortgage indebtedness against the property and used her own funds to do so. Randall testified, "there was an understanding at the time the deed was drawn that if she [Ida Grace] paid off the mortgage, she would take title to the property."

After Randall was appointed executor of the estate of Ida Grace, he discovered the deed in a metal box which he located among the effects of Ida Grace.

He found the metal box in some drawers upstairs in the house. Ida Grace occupied a bedroom upstairs, while Lulu Belle's bedroom was downstairs.

The evidence disclosed that Ida Grace generally took care of the finances and paid the real property taxes on the property.

Ida Grace provided in her will that:

"In the event that I should be the owner of the [property involved] it is my desire that my mother, Lulu Belle Congdon, have the use of the property."

Randall testified that the language, "in the event that I should be the owner of the property," was used because of the possibility that the house would be sold.

The trial court found that the deed was delivered by the grantor to the grantee and remained in her possession until it was found by Randall and recorded. Ordinarily, a person challenging the validity of a deed in the possession of a grantee has the burden of proof on the issue of delivery or nondelivery. *Hanns v. Hanns, supra*, at 298.

The trial court also found from all the facts and circumstances that the parties intended, when Ida Grace paid the outstanding mortgage, that the property was to belong to Ida Grace.

The evidence concerning all the circumstances was necessarily meager because of the lapse of time, the death of Ida Grace, and the incapacity of Lulu Belle. However, we concur in the findings of the trial court who heard all the witnesses and evaluated their testimony.

Affirmed.